IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WEST VIRGINIA ADVOCATES, INC.,**

    **Plaintiff,**

v.                              //     CIVIL ACTION NO. 1:05CV89
                                                      (Judge Keeley)

**BOARD OF EDUCATION OF MONONGALIA
COUNTY, DEEDRA J. LUNDEEN, and
JANICE CHRISTOPHER**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On August 19, 2005, following a telephone hearing to take up the plaintiff, West Virginia Advocates, Inc.'s ("WVA"), motion to amend and motion to supplement its complaint, the Court made the following rulings.

### I. MOTION TO AMEND

The plaintiff, West Virginia Advocates ("WVA"), filed a complaint seeking declaratory and injunctive relief against the defendants, Board of Education of Monongalia County, Deedra J. Lundeen ("Lundeen"), Director of Special Education, Monongalia County Schools, and Janice Christopher, then Superintendant, Monongalia County Schools, pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 1975, 42 U.S.C.S.

**WEST VIRGINIA ADVOCATES V. BD OF ED OF MONONGALIA COUNTY, ET AL**

**1:05CV89**
**ORDER**

§ 15001 et seq., on behalf of a minor child with significant developmental disabilities who attends Mountainview Elementary School in Monongalia County. The DDA provides assistance to states in developing and supporting protection and advocacy ("P&A") systems, such as WVA, to protect the rights of, and advocate for, the developmentally disabled.

WVA now seeks to amend its complaint, which alleges that the minor child has been abused or neglected by the defendants, to include 42 U.S.C. § 1983 claims of civil rights violations against Lundeen and Frank Devono, the current Superintendent of Monongalia County Schools.

The defendants, however, argue that WVA's motion to amend is frivolous because it is not a "person" under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and, therefore, lacks standing to bring such an action.

**A.   Standard of Law**

Under Fed. R. Civ. Pro. 15(a), a party may amend its complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A district court may deny a motion to amend, however, if the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland

County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

B. **Discussion**

In support of its argument that WVA lacks standing, the defendants rely solely on the recent decision of the Fourth Circuit in Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185 (4th Cir. 2005). In Reinhard, the Fourth Circuit held that the Virginia Office for Protection and Advocacy ("VOPA"), an independent Virginia state agency created by the Virginia state legislature, is not a "person" under § 1983. 42 U.S.C. §§ 10801-10827.

The Virginia legislature had created VOPA to satisfy its obligations under the Protection and Advocacy System for Individuals with Mental Illnesses program ("PAIMI") established by Congress in 1986. PAIMI is the DDA equivalent created by Congress to help states establish P&As to protect the rights of the mentally disabled. Reinhard, 405 F.3d at 187.

VOPA argued that the broad rights granted to it under PAIMI to bring legal actions against those who abuse or neglect the mentally ill automatically provided standing. The Fourth Circuit disagreed,

stating that "the word 'person' in a federal statute generally includes 'corporations, companies, associates, firms, partnerships, societies, and joint stock companies, as well as individuals,'" but "generally should not be construed to include the sovereign." Id. at 189 (quoting 1 U.S.C.A. § 1 (West 2005)). Focusing on the legislative context surrounding the creation of VOPA, the circuit court concluded that VOPA was a state agency. Consequently, because a "state or state agency [cannot] maintain a 1983 action," VOPA had no standing to bring suit on its own behalf to obtain information in order to advocate for all persons with mental illness who could possibly have been abused or neglected by the Virginia Department of Mental Health, Mental Retardation and Substance Abuse Services ("Department"). Id. at 190 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)).

As even the defendants have acknowledged, Reinhard is not on all fours with this case. Although WVA operates as the P&A for West Virginia under the DDA and receives state funds, unlike VOPA, it is a non-profit corporation, not a state agency created by the state legislature. As such it does not consider itself a "sovereign entity" and, by its own concession, is not a "state actor" and would not be entitled to assert immunity from suit under § 1983.

**WEST VIRGINIA ADVOCATES V. BD OF ED OF MONONGALIA COUNTY, ET AL**

1:05CV89
**ORDER**

---

Whether an organization such as WVA actually is a "state actor" may be a close question given the responsibilities of P&As under the DDA. 42 U.S.C. § 15043.[1] The Court need not answer that question here, however. Given the environment in which its responsibilities are assumed in this case, the Court need only find that WVA is a "person" for purposes of § 1983. See Reinhard, 405 F.3d 185; see also Will, 491 U.S. 58.

The Court concludes that WVA is a "person" under § 1983 based on the pivotal fact that, here, WVA is acting on behalf of an individual, a disabled student who it believes is being abused or neglected by the Mountainview Elementary School and who, himself, is a "person" capable of suing under § 1983. In such a situation, WVA is not acting as an extension of the state, but rather as an extension of the individual child whom it is representing.

Reinhard, in contrast, involved a general investigation by VOPA into the establishment and implementation of discharge plans

---

[1] P&As have the authority to:
> (i) pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State who are or who may be eligible for treatment, services, or habilitation, or who are being considered for a change in living arrangements, with particular attention to members of ethnic and racial minority groups . . .

42 U.S.C. § 15043(a)(2)(A)(i).

for persons with mental illness at the Department. It had sought relief under § 1983 against the Commissioner of the Department in his official capacity when he refused to provide it with the names and contact information of all individuals with mental illnesses whom the Department had deemed ready for discharge.[2]

The Court therefore holds that WVA is a "person" with standing to sue under 42 U.S.C. § 1983 in a "representative capacity" on behalf of the individual minor student at issue in this case. In accord, Office of Protection & Advocacy for Persons With Disabilities v. Armstrong, 266 F. Supp. 2d 303, 312 (D. Conn. 2003). Accordingly, WVA's motion to amend is **GRANTED** (dckt no. 16) and its proposed amended complaint and motion to supplement the complaint are **DENIED AS MOOT** (dckt no. 25). Within ten days following entry of this Order, WVA should file an integrated Amended Complaint stating its § 1983 claims and any additional facts that are relevant to the matters at issue.

---

[2]Significantly, in Reinhard the Fourth Circuit declined to "decide whether a state agency acting in a representative capacity with regard to an incompetent individual who has sustained an injury actionable under § 1983 could employ § 1983 to enforce that individual's right." Id. at 190 n.3.

**WEST VIRGINIA ADVOCATES V. BD OF ED OF MONONGALIA COUNTY, ET AL**

1:05CV89
ORDER

## II. ORDER REGARDING PARTIES' NEGOTIATIONS

During the telephone hearing, the parties also addressed their correspondence with the Court advising that they had reached an impasse in their ongoing negotiations to resolve this case. Following further discussion, the Court **ORDERED** that:

1. The parties submit a proposed schedule for the Court's approval no later than **today, August 19, 2005, at 5:00 p.m.,** outlining the dates and times at which they will meet to negotiate a resolution to their conflict over the proper supervision of WVA's client at Mountainview Elementary School.

2. Should the parties fail to submit the aforementioned proposed schedule by today at 5:00 p.m., or should the Court disapprove such proposal, the parties, including counsel, their clients and any client representatives, **MUST** appear on **Monday, August 22, 2005 at 9:00 a.m. at the Clarksburg, West Virginia, point of holding court** where the Court will conduct mediation to resolve outstanding issues affecting the schooling of WVA's client. The Court warns counsel and the parties that they should be prepared to remain at the Court until the case is resolved.

It is so **ORDERED**.

7

**WEST VIRGINIA ADVOCATES V. BD OF ED OF MONONGALIA COUNTY, ET AL**

**1:05CV89**
**ORDER**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: August _____19_____, 2005.

*Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE